# IN THE COURT OF APPEALS OF IOWA

No. 15-1605
Filed November 25, 2015

**IN THE INTEREST OF W.S.,**
   **Minor Child,**

**J.S., Mother,**
   Appellant.

_____

Appeal from the Iowa District Court for Woodbury County, Julie A. Schumacher, District Associate Judge.


A mother appeals the termination of her paternal rights.  **AFFIRMED.**


Nicole J. Augustine of Elizabeth A. Rosenbaum, P.C., Sioux City, for appellant.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd and Kathryn Lang, Assistant Attorneys General, for appellee.

Mercedes S. Ivener, Sioux City, attorney and guardian ad litem for minor child.


Considered by Vogel, P.J., and Vaitheswaran and Bower, JJ.

**BOWER, Judge.**

A mother appeals[1] the termination of her parental rights to a child, claiming the court should have continued the hearing and placement for six months and provided her with additional services, termination is not in the child's best interests, termination is not appropriate as the child has been placed with a relative, and termination would be detrimental to the child due to the closeness of the parent-child relationship. We affirm the juvenile court's order.

We review de novo proceedings terminating parental rights. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). The three-step statutory framework governing the termination of parental rights is well established and need not be repeated herein. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). The juvenile court issued a thorough and well-reasoned ruling terminating the mother's parental rights, and we adopt the findings of fact and conclusions of law in the juvenile court's order as our own.

The juvenile court terminated the mother's parental rights pursuant to Iowa Code sections 232.116(1)(b) and (d) (2013). On appeal, the mother does not challenge the termination under these grounds. Instead, the mother asks for more time and services to help her work toward reunification and claims termination is not in the child's best interests. She claims she needs the additional time to continue making steps in remedying the problems that led to the child's removal. On this issue, the juvenile court noted:

---

[1] The child's father's parental rights were terminated and he does not appeal.

While [the mother] requests an additional six months, the Court's careful review of the entire record in this case, stemming from substance abuse usage from age 13 and 14 to the present, acknowledgement of almost daily methamphetamine use from May 2014 to November 2014, failure to maintain contact with [W.S.], failure to address any domestic abuse issues, failure to participate in substance abuse treatment, failure to be involved in these Court proceedings, failure to participate in reunification services, and failure to maintain stable housing or employment, leads the Court to make a finding that [W.S.] could not be placed in the custody of his mother now or at any time in the reasonably near future. The circumstances that existed at the time of [W.S.]'s adjudication continue to exist. In spite of all evidence to the contrary, the mother insisted during her testimony at today's hearing, that there has been no history of domestic violence between her and the putative father. . . . No steps have been taken to either acknowledge or address that danger to herself and her young children.

[W.S.] has been out of his mother's custody for approximately 15 months. [The mother] made no efforts toward reunification until after the Termination of Parental Rights Petition was filed. It is too little, too late. [The mother] made a conscious decision to have no contact with her son or provide for his financial, physical or emotional needs. [The mother]'s whereabouts were largely unknown throughout the course of these proceedings. [W.S.] has been abandoned by his mother . . . .

We agree with the juvenile court's reasoning. A parent does not have an unlimited amount of time to correct her deficiencies. *In re H.L.B.R.*, 567 N.W.2d 675, 677 (Iowa Ct. App. 1997). The child needs a responsible parent now, and can no longer wait for his mother, especially at his young age. *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010). We find termination is in the best interests of W.S.

The mother claims termination is not in the child's best interests pursuant to Iowa Code section 232.116(2), we should grant an exception to the termination pursuant to Iowa Code section 232.116(3) due to the fact the child

resides with a relative, and due to the close parent-child relationship. On these points the juvenile court reasoned:

> [W.S.] is currently placed with his maternal grandparents. He has done well in the placement. He has made great strides in his speech and communication. He is reported to be a "joy" by the maternal grandparents. However, the maternal grandparents have made a decision not to request consideration for placement as an adoptive home. [The father]'s mother . . . has expressed an interest in being an adoptive placement for [W.S.]. [W.S.] is familiar with his putative paternal grandmother. Further, it appears that if [the paternal grandmother] is chosen as the adoptive home, she will ensure continuation of the relationship between [W.S.] and his maternal grandparents. Further, it is likely that [the mother] would remain a part of [W.S.]'s life if placed in that home, subject to protection as provided by the placement. [W.S.] is adoptable and is only two years old.
>
> . . . .
>
> The Court is to give primary consideration to the safety, best placement option for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child. This Court finds that it would be in the best interests of [W.S.] to terminate the parent-child relationships so that he will have the opportunity to grow and mature in a safe, healthy and stimulating environment.

Based on our de novo review of the record, we agree with the juvenile court and find allowing the mother to retain her parental rights due the child's placement with relatives and a close parent-child relationship would be contrary to his best interests.

We affirm the juvenile court's order terminating the mother's parental rights without further opinion. *See* Iowa Ct. R. 21.26(1)(a)-(e).

**AFFIRMED.**